UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VINCENT JOSEPH,                                     :     CV:
                                                    :
                              Plaintiff,            :
                                                    :     **COMPLAINT**
            -against-                               :
                                                    :
WESTBURY STOVE & FIREPLACE, LTD.,                   :     **JURY TRIAL DEMANDED**
LAUREN T. EMR, Individually, BILL KULLAK,           :
Individually, and BOB KULLAK, Individually,         :
                                                    :
                              Defendants.           :
---------------------------------------------------------------X

      Plaintiff, VINCENT JOSEPH ("Plaintiff"), by and through his attorneys SCOTT MICHAEL MISHKIN, P.C., complaining of Defendants WESTBURY STOVE & FIREPLACE LTD. ("Westbury Stove"), LAUREN T. EMR, BILL KULLAK, and BOB KULLAK (collectively "Defendants") alleges upon his own knowledge as to himself, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

      This case is brought against the Defendants pursuant to: (1) the Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. §§ 201, *et seq.* for Defendants' willful failure to pay plaintiff overtime wages for all hours worked over forty (40) in a workweek; (2) the New York Labor Law, Articles 6 and 19 ("NYLL"), for Defendants' willful failure to pay plaintiff overtime wages for all hours worked over forty (40) in a workweek; (3) NYLL § 195(1) for Defendants' willful failure to provide plaintiff with an accurate wage notice at any time during his employment at Defendants; (4) NYLL § 195(3) for Defendants' willful failure to provide plaintiff with accurate wage statements and/or paystubs for each pay period that he worked

throughout his employment at Defendants; and (5) NYLL § 191 (1-a) for Defendants' delayed payment of wages.

## JURISDICTION

**FIRST:** The jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331, as this case presents a federal question under the FLSA.

**SECOND:** The Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367(a), as plaintiff's claims arising under the NYLL form part of the same case and controversy as those arising under the FLSA.

## VENUE

**THIRD:** At all times relevant herein, plaintiff was a resident of Suffolk County in the Eastern District of New York of the United States District Court.

**FOURTH:** The unlawful practices alleged herein took place at Defendants' businesses located in Westbury, New York in the Eastern District of New York of the United States District Court.

**FIFTH:** This Court is thereby proper venue under 28 U.S.C. §1391.

## PARTIES

**SIXTH:** At all times relevant herein, plaintiff was an "employee" of Defendants as defined by the FLSA and NYLL, as he was employed by Defendants as a manual laborer from in or about November 2016, through up to and including March 6, 2019.

**SEVENTH:** At all times relevant herein, Westbury Stove was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business located at 25 Post Avenue, Westbury, New York 11590.

**EIGHTH:** At all times relevant herein, Defendant Lauren Emr was and still is a resident of the State of New York, County of Suffolk.

**NINTH:** Defendant Emr was and still is a co-owner and corporate officer of Westbury Stove and at all times relevant herein, exercised operational control over the significant business functions of Westbury Stove, including but not limited to, the hiring/firing of employees, determining employee salaries, assigning responsibilities, determining schedules and hours of employees, and acting on behalf of and in the interest of the store in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees.

**TENTH:** At all times relevant herein, Defendant Bill Kullak was and still is a resident of the State of New York, County of Suffolk.

**ELEVENTH:** Defendant Bill Kullak was and still is a co-owner and corporate officer of Westbury Stove and at all times relevant herein, exercised operational control over the significant business functions of Westbury Stove, including but not limited to, the hiring/firing of employees, determining employee salaries, assigning responsibilities, determining schedules and hours of employees, and acting on behalf of and in the interest of the store in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees.

**TWELFTH:** At all times relevant herein, Defendant Bob Kullak was and still is a resident of the State of New York, County of Suffolk.

**THIRTEENTH:** Defendant Bob Kullak was and still is a co-owner and corporate officer of Westbury Stove and at all times relevant herein, exercised operational control over the significant business functions of Westbury Stove, including but not limited to,

the hiring/firing of employees, determining employee salaries, assigning responsibilities, determining schedules and hours of employees, and acting on behalf of and in the interest of the store in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees.

**FOURTEENTH:** As such, Defendants were plaintiff's "employer" as defined by the FLSA and NYLL.

**FIFTEENTH:** At all times relevant herein, Defendants' qualifying annual business exceeded $500,000.00, and Defendants were and still are engaged in interstate commerce within the meaning of the FLSA, as they purchase and routinely work with products provided by outside vendors that originated in states other than New York.

**SIXTEENTH:** At all times relevant herein, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime provisions as an enterprise.

**SEVENTEENTH:** At all times relevant herein, Defendants' employees, including the plaintiff, were individually engaged in interstate commerce, as on a daily basis, they used and worked with goods and products that have been, and continue to be, moved in interstate commerce, handled payments in cash that naturally moved across state lines, and processed credit cards as a form of payment based on cardholder agreements with out-of-state companies.

## STATEMENT OF FACTS

**EIGHTEENTH:** Plaintiff was employed by Defendants as a fireplace and stove installer from in or about November 2016, through up to and including March 6, 2019.

**NINETEENTH:** As a fireplace and stove installer, plaintiff's responsibilities included, but were not limited to, transporting fireplaces and stoves, carrying tools, preparing homes for installation, construction, installing fireplaces and stoves, and cleaning up the worksite.

**TWENTIETH:** As a fireplace and stove installer, plaintiff worked primarily as a manual laborer and did not possess any managerial or supervisory responsibilities and did not possess the ability to hire/fire, determine employee schedules, determine employee rates of pay, and/or determine employee responsibilities or assignments.

**TWENTY-FIRST:** During all times relevant herein, plaintiff was compensated on an hourly basis and was paid bi-weekly by check.

**TWENTY-SECOND:** During the time period of November 2016 to December 31, 2016, plaintiff was paid $22.00 per hour.

**TWENTY-THIRD:** During the time period of January 1, 2017, to the last day of his employment, March 6, 2019, plaintiff was paid $25.00 per hour.

**TWENTY-FOURTH:** Throughout his entire employment, from November 2016, through up to and including March 6, 2019, plaintiff worked five (5) - six (6) days a week for approximately ten (10) to fifteen (15) hours a day.

**TWENTY-FIFTH:** Plaintiff was required to report to work at Westbury Stove at 7:00 a.m. every day, and worked until approximately 8:00 p.m. or later every night.

**TWENTY-SIXTH:** Plaintiff was not required to punch in/out of a time clock, and upon information and belief, Defendants did not maintain any time records for employees.

**TWENTY-SEVENTH:** During his employment, plaintiff worked approximately

seventy (70) to eighty (80) hours per week for all weeks that he was employed at Westbury Stove.

**TWENTY-EIGHTH:** During his employment, plaintiff was paid a straight hourly rate of pay for all hours that he worked in a workweek, including those hours that exceeded forty (40) in a workweek.

**TWENTY-NINTH:** Throughout his employment, Defendants failed to pay plaintiff at an overtime rate of one and one half times his regular rate of pay for any hours that he worked in excess of forty (40) in a workweek.

**THIRTIETH:** Despite multiple complaints about his hours and pay, Defendants never compensated plaintiff correctly for any of the overtime hours that he worked.

**THIRTY-FIRST:** During his employment, Defendants failed to provide plaintiff with any wage notices in violation of NYLL § 195 (1).

**THIRTY-SECOND:** During his employment, Defendants failed to provide plaintiff with accurate wage statements or weekly paystubs in violation of NYLL § 195 (3).

**THIRTY-THIRD:** Defendants Lauren Emr, Bill Kullak and Bob Kullak worked closely together to oversee and manage Westbury Stove and were responsible for determining rates and methods of pay, schedules, assignments, and hours worked for all employees, including those of the plaintiff. Furthermore, all Defendants had hiring and firing power together and did in fact hire plaintiff together.

**THIRTY-FOURTH:** Defendants Lauren Emr, Bill Kullak and Bob Kullak were jointly responsible for managing plaintiff and were both aware of, and permitted, the overtime hours worked by plaintiff each week.

**THIRTY-FIFTH:** Defendants willfully failed to pay plaintiff his earned

wages in violation of the FLSA and NYLL and have caused damages to plaintiff as a result.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

**THIRTY-SIXTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**THIRTY-SEVENTH:** The overtime provisions of the FLSA, §§ 201 *et seq.*, require employers to compensate employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

**THIRTY-EIGHTH:** As described above, Defendants are employers within the meaning of the FLSA, while plaintiff is an employee within the meaning of the FLSA.

**THIRTY-NINTH:** During his employment at Defendants, plaintiff regularly worked seventy (70) to eighty (80) hours per week for all weeks that he was employed at Westbury Stove.

**FORTIETH:** At all times relevant herein, Defendants paid plaintiff at his regular straight rate of pay for all hours that he worked in excess of forty (40) in a workweek.

**FORTY-FIRST:** At all times relevant herein, Defendants willfully failed to compensate plaintiff at a rate of one and one half times his regular rate of pay for all hours that he worked in excess of forty (40) in a workweek.

**FORTY-SECOND:** Defendants have violated the FLSA by failing to pay plaintiff overtime compensation for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

**FORTY-THIRD:** Defendants acted willfully and with a disregard for

plaintiff's rights under the FLSA by failing to compensate plaintiff at an overtime rate for the hours that he worked over forty (40) in a workweek.

**FORTY-FOURTH:** As a result of the FLSA violations alleged herein, plaintiff has suffered financial loss in an amount to be determined at trial, including liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest to the fullest extent permitted by the FLSA.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE NYLL

**FORTY-FIFTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**FORTY-SIXTH:** The overtime provisions of the NYLL require employers to compensate employees at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

**FORTY-SEVENTH:** As described above, Defendants are employers within the meaning of the NYLL, while plaintiff is an employee within the meaning of the NYLL.

**FORTY-EIGHTH:** As alleged herein, Defendants have violated the NYLL by failing to pay plaintiff overtime compensation for all hours worked in excess of forty (40) in a workweek as required by the NYLL.

**FORTY-NINTH:** Defendants acted willfully and with a disregard for plaintiff's rights under the NYLL in failing to compensate plaintiff at an overtime rate for the hours that he worked over forty (40) in a workweek.

**FIFTIETH:** As a result of the NYLL violations alleged herein, plaintiff

has suffered financial loss in an amount to be determined at trial, including liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest to the fullest extent permitted by the NYLL.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### FOR FAILURE TO PROVIDE WAGE NOTICE IN VIOLATION OF THE NYLL

**FIFTY-FIRST:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**FIFTY-SECOND:** NYLL § 195 (1) requires that employers furnish employees with a wage notice containing the employee's rate of pay, manner of payment, regular pay date, and employer contact information.

**FIFTY-THIRD:** As alleged herein, Defendants willfully and knowingly failed to furnish plaintiff with a wage notice at any time during his employment at Defendants in violation of NYLL § 195(1).

**FIFTY-FOURTH:** As a result of Defendants' willful failure to provide plaintiff with a wage notice in violation of NYLL § 195(1), plaintiff is entitled to recover all damages available under NYLL § 198 (1-b), including statutory penalties up to $5,000.00, costs, and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### FOR FAILURE TO PROVIDE WAGE STATEMENTS IN VIOLATION OF THE NYLL

**FIFTY-FIFTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**FIFTY-SIXTH:** NYLL § 195 (3) requires that employers furnish employees with

accurate wage statements/paystubs at the end of each pay period, which are to include the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

**FIFTY-SEVENTH:** As alleged herein, Defendants willfully and knowingly failed to furnish plaintiff with accurate wage statements and/or paystubs at any time during his employment at Defendants in violation of NYLL § 195(3).

**FIFTY-EIGHTH:** As a result of Defendants' willful failure to provide plaintiff with a wage notice in violation of NYLL § 195(1), plaintiff is entitled to recover all damages available under NYLL § 198 (1-d), including statutory penalties up to $5,000.00, costs, and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FOR DELAYED PAYMENT OF WAGES IN VIOLATION OF NYLL

**FIFTY-NINTH:** Plaintiff repeats and re-alleges all previous paragraphs with the same force and effect as if stated at length herein and incorporates all prior paragraphs by reference.

**SIXTIETH:** Pursuant to NYLL § 191 (1-a)(i), a "manual worker" shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned.

**SIXTY-FIRST:** During his employment at Westbury Stove, plaintiff worked as a "manual worker" within the meaning of the NYLL and was paid on a bi-weekly basis from in or about November 2016, through up to and including his last day of employment, March 6, 2019.

**SIXTY-SECOND:**   Pursuant to NYLL, Defendants were required to pay plaintiff on a weekly, rather than a bi-weekly, basis as a "manual worker."

**SIXTY-THIRD:**   As a result of Defendants' willful failure to pay plaintiff on a weekly basis in violation of the NYLL, plaintiff has been harmed in an amount to be determined at trial for liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

**WHEREFORE,** plaintiff demands judgment against Defendants as follows:

1. All damages that plaintiff has sustained as a result of the Defendants' willful failure to pay overtime wages in violation of the FLSA;

2. All liquidated damages and/or any other statutory penalties that are recoverable as a matter of law as a result of the Defendants' willful failure to pay overtime wages in violation of the FLSA;

3. All attorneys' fees, costs, expenses and/or disbursements recoverable as a matter of law as a result of the Defendants' willful failure to pay overtime wages in violation of the FLSA;

4. All damages that plaintiff has sustained as a result of the Defendants' willful failure to pay overtime wages in violation of the NYLL;

5. All liquidated damages and/or any other statutory penalties that are recoverable as a matter of law as a result of the Defendants' willful failure to pay overtime wages in violation of the NYLL;

6. All attorneys' fees, costs, expenses and/or disbursements recoverable as a matter of law as a result of the Defendants' willful failure to pay overtime wages in violation of the NYLL;

7. All damages and/or statutory penalties that are recoverable as a matter of law for Defendants' willful violations of NYLL § 195(1);

8. All damages and/or statutory penalties that are recoverable as a matter of law for Defendants' willful violations of NYLL § 195(3);

9. All damages, liquidated damages and/or statutory penalties that are recoverable as a matter of law for Defendants' delayed payment of wages in violation of NYLL § 191(1-a)(i);

10. Pre-Judgment and Post-Judgment interest as provided by law;

11. Attorneys' fees and costs; and

12. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

**Plaintiff herein demands a trial by jury of all issues in this action.**

Dated: Islandia, New York
March 6, 2020

                              **SCOTT MICHAEL MISHKIN, P.C.**

                              /s/ Kyle T. Pulis
By:   Kyle T. Pulis (KP 0415)
       One Suffolk Square
       Suite 240
       Islandia, New York 11749
       Telephone: (631) 234-1154
       Facsimile:  (631) 234-5048
       *Attorneys for Plaintiff*